JENNY MARRERO, Plaintiff, v. MILDRED GLUCK, Individually and Doing Business under the Name of DAWN PATROL BEAUTY SHOP, Defendant and Third-Party Plaintiff-Appellant. HOUSE OF LONTAY, INC., et al., Third-Party Defendants-Respondents.

*Per Curiam.* Plaintiff sued defendant Mildred Gluck for injuries sustained at defendant Gluck's beauty shop in the application and use of a so-called hair straightening preparation manufactured by third-party defendant, House of Lontay, Inc., and sold to Gluck by third-party defendant, Consolidated Beauty Supply, Inc. After trial in the Municipal Court before the court and jury, the jury returned a verdict in favor of plaintiff against defendant Gluck and in favor of Gluck, as third-party plaintiff, against the third-party defendants, Lontay, Inc., the manufacturer, and Consolidated, the distributor. On appeal by the third-party defendants to the Appellate Term from that portion of the judgment rendered in favor of Gluck against Lontay, Inc., and Consolidated, the Appellate Term by a divided court reversed the portion of the judgment appealed from and dismissed the third-party complaint.

On the state of facts established at the trial without any effective disproof otherwise, the jury was justified in finding a verdict in favor of Gluck against Consolidated, the distributor, for breach of warranty and against Lontay, Inc., the manufacturer, for negligence (*Cahill* v. *Inecto, Inc.,* 208 App. Div. 191, 194 [1st Dept., Feb., 1924]). The cases relied on by the majority of the Appellate Term are distinguishable on their facts.

The determination of the Appellate Term should be reversed, with costs in this court and in the Appellate Term, and the judgment of the Municipal Court affirmed.

Peck, P. J., Glennon, Dore, Callahan and Bergan, JJ., concur.

Determination of the Appellate Term unanimously reversed, with costs in this court and in the Appellate Term, and the judgment of the Municipal Court affirmed. Settle order. [See *post,* p. 835.]